Suttle v. Batie.

## SUTTLE *v.* BATIE.

Where on the trial of a cause, the defendant, at a term of court, to which no petit jury had been summoned, demanded a trial by jury, which jury was summoned from the bystanders by order of the court, to which defendant objected, but some of which jurors, when called, he challenged; *Held*, that the record disclosed no such error in the impanneling of the jury, as will warrant a reversal of the judgment.

Suttle v. Batie.

The Code makes no express provision for a challenge to the panel of the petit jury, in a civil, although it does in a criminal, case.
Whether a challenge to the array of petit jurors, will lie in a civil case, *quere?*

*Appeal from the Lucas District Court.*

THIS action originated before a justice of the peace, on an account, by whom judgment was rendered for the plaintiff. The defendant appealed to the District Court, and when the cause was called for trial, demanded a jury. No petit jury having been returned for that term, the court ordered a jury to be summoned by the sheriff from the bystanders. The defendant objected to any jury, except the regular panel. A jury was afterwards summoned from the bystanders by the sheriff, and defendant challenged a part of this jury, so selected, and went to trial without further objection. A verdict was rendered for plaintiff, upon which judgment was entered. The defendant appeals, and seeks to reverse the judgment, on the ground that the jury was improperly impanneled.

*J. E. Neal,* for appellant.

*J. Baker,* for appellee.

ISBELL, J.—The several specifications of error in this case, all resolve themselves into the question, whether the record discloses such error in the impanneling of the jury, as will warrant a reversal of this case? We think it does not. A jury in all respects qualified to determine the dearest rights known to the law, is but "twelve men, accepted and sworn, to try the issue." See Code, § 2971. Our law makes no express provision for a challenge to the panel in a civil, although it does in a criminal, case. It is provided by section 2975 of the Code, that, "a challenge to the panel must be taken before the jury is sworn, and must be in writing, specifying plainly and distinctly, the facts constituting the ground of challenge." If no challenge in writing, such as is pointed out in the section just quoted, appears, this

court will conclude, even in a criminal case, that the jury was accepted within the meaning of section 2971 above quoted. No such challenge appears to have been made in this case.

We are not now prepared, neither does the determination of this case require, that we should determine how far the provisions of the Code, found on pages 242 and 243, are merely directory to the several officers charged with the duty of selecting and returning jurors. But we would suggest a *quere*—whether a·challenge to the array of jurors will lie in a civil case ? No such challenge is expressly given. All qualified electors of the state, of good moral character, sound judgment, and in full possession of the senses of hearing and seeing, are competent jurors in·their respective counties. Code, § 1630. There is no limit to challenge for cause. Five peremptory challenges are allowed in the District Court. Code, § 1774. In a practical point of view, courts are not confined to the jurors regularly returned in making up·a jury. See the following sections of the Code, 1647, 1717, 2970, 3339.

Judgment affirmed.